UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE COMMONLY KNOWN AS: P.O. BOX 1303, R.R. #2, PEKIN, ILLINOIS, Defendant.

No. 89–1129.

United States District Court,
C.D. Illinois,
Peoria Division.

April 2, 1990.

K. Tate Chambers, Peoria, Ill., Esteban F. Sanchez, Springfield, Ill., for plaintiff.

J.R. Bagley, Pekin, Ill., for Edward and Arvin Hilst.

## ORDER

MIHM, District Judge.

This is an action *in rem* in which the United States seeks to have forfeited a parcel of real estate allegedly used to facilitate violation of federal drug laws. The property in question is owned by Edward Hilst and Arvin Hilst who were selling the real estate pursuant to a contract for warranty deed to Larry Tinker and Anna Lee Tinker.

During May of 1988 the parcel of real estate was utilized by Larry Tinker to distribute methamphetamine. Pursuant to 21 U.S.C. § 881(a)(7), real property is subject to forfeiture when used for such activities. Default judgment as to the Tinkers has already been entered by this Court.

In a timely fashion, the Hilsts filed an answer to the Complaint and a claim for the property in which they assert that they are innocent owners of the property. The government does not contest the Hilsts' status as innocent owners.

On May 23, 1989, the Government filed this Complaint; the property was seized by the United States Marshal on that date. The Tinkers defaulted on the contract for deed by failing to make their monthly payments; on July 12, 1989, the Hilsts served on the Tinkers a notice to declare forfeiture. On September 26, 1989, the Hilsts served a similar written notice of intent to declare forfeiture upon the government and on November 3, 1989, the Hilsts served on the government a declaration of forfeiture and extinguishment of rights under the warranty deed.

## DISCUSSION

21 U.S.C. § 881(a) provides in pertinent part:

The following shall be subject to forfeiture to the United States and no property rights shall exist in them: ... (7) all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used ... in any manner or part ... to commit ... a violation of this title

punishable by more than one year imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

In most instances, the claims of innocent owners arising under this subsection involve banks or other mortgage or lienholders with a legal interest in the property less than fee simple. In the case before the Court, however, that is not the situation. Rather, the interest of the Tinkers' in this property was the interests of contract buyers, while the innocent owners' interest was fee simple subject to the contract for deed.

Since the statute clearly envisions forfeiture of interests in real estate less than fee simple absolute ("any right, title or interest including any leasehold interest") it is clear to this Court that the interest to which the United States has succeeded by reason of the forfeiture is the right which the Tinkers held as contract buyers.

Thus, the United States has succeeded to the Tinkers' forfeited contract rights and obligations defined by Illinois law. One of those rights asserted here by the United States is the right to have the contract seller proceed under the Illinois Mortgage Foreclosure Act if the seller wishes to terminate the possession and/or interest of the contract buyer. Ill.Rev.Stat. ch. 110, ¶ 15–1101 *et seq.*

That statute only applies to real estate installment agreements if the amount unpaid, plus unpaid interest is less than 80% of the original purchase price. The relevant date for determining whether the 80% threshold has been crossed is the filing date of the foreclosure complaint. Paragraph 15–1106(a)(2). No such foreclosure complaint has been filed. Thus, this Court is unable to determine whether the cutoff point has been surpassed, or at least cannot do so without issuing an advisory opinion.

As a result, this Court is unable to make any final adjudication of the precise dollar amount of the United States' interest in the property. It is sufficient for purposes of this forfeiture proceeding to hold that the United States has assumed the Tinkers' status under the contract. To that extent, the Hilsts' Motion for Summary Judgment is DENIED and judgment is entered in favor of the United States. Further decisions regarding the rights or obligations of the parties must be determined in the foreclosure proceeding, if and when said occurs.